UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff(s)        Case No:    09-cv-3332 MJD/JJK

v.

TREVOR COOK d/b/a CROWN
FOREX, LLC, PATRICK KILEY d/b/a
CROWN FOREX, LLC, UNIVERSAL
BROKERAGE FX and UNIVERSAL
BROKERAGE FX DIVERSIFIED, OXFORD
GLOBAL PARTNERS, LLC, OXFORD
GLOBAL ADVISORS, LLC, UNIVERSAL
BROKERAGE FX ADVISORS, LLC f/k/a
UBS DIVERSIFIED FX ADVISORS, LLC,
UNIVERSAL BROKERAGE FX
GROWTH, L.P. f/k/a UBS DIVERSIFIED FX
GROWTH L.P., UNIVERSAL BROKERAGE
FX MANAGEMENT, LLC f/k/a UBS
DIVERSIFIED FX MANAGEMENT, LLC
and UBS DIVERSIFIED GROWTH, LLC,

      Defendant(s)

R.J. ZAYED,

      Receiver.

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,   Case No:   09-cv-3333 MJD/JJK

       Plaintiff(s)

v.

TREVOR G. COOK,
PATRICK J. KILEY,
UBS DIVERSIFIED GROWTH, LLC,
UNIVERSAL BROKERAGE FX
MANAGEMENT, LLC,
OXFORD GLOBAL ADVISORS, LLC,
and OXFORD GLOBAL PARTNERS, LLC,

       Defendants

    and

BASEL GROUP, LLC,
CROWN FOREX, LLC,
MARKET SHOT, LLC,
PFG COIN AND BULLION,
OXFORD DEVELOPERS, S.A.,
OXFORD FX GROWTH, L.P.,
OXFORD GLOBAL MANAGED
FUTURES FUND, L.P., UBS DIVERSIFIED
FX ADVISORS, LLC, UBS DIVERSIFIED
FX GROWTH, L.P., UBS DIVERSIFIED
FX MANAGEMENT, LLC, CLIFFORD
BERG, and ELLEN BERG,

       Relief Defendants.

R.J. ZAYED,

       Receiver.

# ORDER

The Receiver, R.J. Zayed ("Receiver"), has filed a Motion to Compel the Bergs to Return Receivership Funds (SEC Docket No. 309; CFTC Docket No. 295). The Bergs and the Receiver have since filed a joint Stipulation in this matter (SEC Docket No. 340; CFTC Docket No. 327).

The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, now states:

IT IS HEREBY ORDERED that:

1. The Bergs received $948,848.36 in Receivership funds from May 2007 through July 2009.

2. On April 6, 2010, the Receiver took possession of $726,650.38 in Receivership funds located in the Bergs' bank accounts. The Bergs have failed to return $222,197.98 in Receivership funds to the Receiver.

3. The Bergs have provided adequate documentation demonstrating good faith and reasonably equivalent value as to $13,500.00 the Bergs received on February 14, 2008 as payment for the sale of a 2004 GMC Yukon XL 1500 vehicle to a Receivership entity. Accordingly, the Berg's debt to the Receivership is reduced by $13,500.00.

4. The Bergs must return the remaining $208,697.98 to the Receivership.

5. Disbursement of the $208,697.98 owed to the Receiver shall occur as follows:

a. On or before June 16, 2010, the Bergs shall deposit into the Court Registry $194,000.00 in cash to be held in an interest-bearing account. The source of this cash is as follows:

   i. $25,000.00 from the sale of a first car;

   ii. $24,000.00 from the sale of a second car;

   iii. $35,000.00 from an IRA account; and

   iv. $110,000.00 obtained by taking out a mortgage on a cabin the Bergs own.

b. On or before September 15, 2010, the Bergs shall pay the balance of $14,697.98 owed to the Receiver. If the SEC's claims have been settled or dismissed by this date, the Bergs shall make payment directly to the Receiver. If the SEC's claims have not been settled or dismissed by this date, the Bergs shall make this payment into the interest-bearing account with Court Registry referenced above, to be disbursed to the Receiver upon settlement of the claims.

c. If the Bergs fail to pay the remaining $14,697.98 by September 15, 2010, either to the Receiver or the Court Registry, as dictated above, a Confession of Judgment (attached as Exhibit 1 to the above-referenced Stipulation (SEC Docket No. 340-1; CFTC Docket No. 327-1)) shall be entered against the Bergs in that amount.

6. The Clerk of Court shall disburse to the Receiver the above-described Court Registry funds upon settlement or dismissal of the SEC's claims against Clifford and Ellen Berg in *SEC v. Cook et al.*, 09-cv-3333 (D. Minn.).

7. The Receiver's Motion to Compel the Bergs to Return Receivership Funds, (SEC Docket No. 309; CFTC Docket No. 295) is withdrawn, without prejudice. The Receiver is granted leave to re-file the motion (1) in the event that the SEC's claims are not settled or dismissed by September 15, 2010 or (2) in the event that the Bergs fail to make full payment of the $208,697.98 that they owe to the Receiver, in the manner and by the deadlines specified in paragraph 5 above.

8. Upon the Receiver's receipt of $208,697.98 in full satisfaction of the Berg's debt to the Receivership, the Bergs may file a claim for restitution, in the same manner as other investors, for the principal they invested with Trevor Cook's Ponzi scheme.

9. Upon the Receiver's receipt of $208,697.98 in full satisfaction of the Berg's debt to the Receivership, accounts held by Clifford or Ellen Berg that remain frozen pursuant to Orders in the above-captioned cases will be unfrozen.

SO ORDERED.

Date: June 16, 2010

s/ Michael J. Davis
Chief Judge Michael J. Davis
United States District Court