UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States Securities
and Exchange Commission,

    Plaintiff,

v.

Trevor Cook, d/b/a Crown
Forex, LLC and Patrick J. Kiley,
d/b/a Crown Forex, LLC et al.,

    Defendants.

ORDER
Civil No. 09-3333 (MJD/JJK)

_____

U.S. Commodity Futures
Trading Commission,

    Plaintiff,

v.

Trevor Cook, d/b/a Crown
Forex, LLC and Patrick J. Kiley,
d/b/a Crown Forex, LLC et al.,

    Defendants.

Civil No. 09-3332 (MJD/JJK)

_____

    John E. Birkenheier, Adolph J. Dean, Jr., Steven L. Klawans and Justin M Delfino, and James Alexander, Assistant United States Attorney, Counsel for Plaintiff United States Securities and Exchange Commission ("SEC").

    Susan Gradman and David Slovick, Commodity Futures Trading Commission and James Alexander, Assistant United States Attorney, Counsel for

Plaintiff United States Commodity Futures Trading Commission ("CFTC").

William J. Mauzy and Piper Kennedy Webb, Counsel for Defendant Trevor Cook.

_____

This matter is before the Court upon Defendant Trevor Cook's motion to lift this Court's Contempt Order dated January 25, 2010, and to find that the Defendant either purged his contempt or compliance became impossible on April 13, 2010 - the date he entered a plea of guilty in his criminal case.

Pursuant to the Order dated January 25, 2010, Cook was ordered into custody until such time as he purged himself of contempt, or demonstrated an impossibility of compliance, for the following:

> 1) repatriate and surrender to the Receiver $27,061,728.35 from the offshore accounts; 2) surrender to the Receiver $670,000 in cash; 3) recover and surrender to the Receiver $62,000 that Defendant transferred to his brother in July 2009; 4) recover and surrender to the Receiver $6,141,470 that Defendant paid to preferred persons in late June 2009; 5) take appropriate steps to turnover $2,005,857.88 that Defendant transferred to domestic accounts; 6) surrender to the Receiver $53,500 that Defendant received from the sale of the Maserati and Hummer in October 2009; 7) surrender to

the Receiver the computer, emails and wire transfer confirmations taken from Julia Gilsrud in July 2009; 8) surrender the houseboat and submarine to the Receiver; 9) surrender the BMW, Lexus 430 and Lexus SUV that remain in Defendant's possession; 10) surrender to the Receiver the Bon Jovi concert tickets purchased in November 2009, Defendant's collection of Faberge eggs and watches; and 11) take appropriate steps to ensure compliance with the Court's Asset Freeze Orders by those Receiver Entities of which he is a principal.

The Defendant has turned over some items listed above, such as the Faberge Eggs, the cars, and certain sums of cash. However, millions of dollars sent overseas remains unaccounted for and the monies transferred to preferred persons, as well as the computer, emails and wire transfer confirmations taken from Julia Gilsrud in July 2009 have not been turned over to the Receiver.

The Court heard testimony from Defendant as to his asserted present inability to comply. The SEC, CFTC and the Receiver initially opposed the motion, arguing that Defendant had not met his burden of demonstrating that he has either purged his contempt or that he was presently unable to comply. In addition, the SEC, CFTC and the Receiver demonstrated that Defendant may still

be in possession of information that will assist in the recovery of additional investor assets.

By Order dated November 1, 2010, Defendant's motion was denied, and the matter was set for a status conference on December 6, 2010. Pursuant to that Order, the SEC, CFTC and the Receiver have interviewed the Defendant for approximately twenty additional hours. Based on those interviews, the SEC, CFTC and the Receiver report to the Court that the Defendant has provided additional information which has been helpful and which may be helpful in the future. Accordingly, the SEC, the CFTC and the Receiver no longer oppose the motion to lift the contempt order as long as this Court retain jurisdiction and require the Defendant to meet and cooperate with the Receiver, the CFTC and the SEC.

Based on the record, files and proceedings herein, the Court hereby finds that the Defendant has demonstrated a present inability to comply with all provisions of the January 25, 2010 Order. Accordingly,

IT IS HEREBY ORDERED that Defendant Trevor Cook's Motion to Vacate/Purge Contempt [Doc. No. 474] is GRANTED effective November 1, 2010. The Court will retain jurisdiction over this matter and orders Cook to meet and

cooperate with the Receiver, the CFTC and the SEC until further Order of this Court.

Date: December 6, 2010

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court

Civil Nos. 09-3332 and 09-3333