## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____
|                                       :
**UNITED STATES SECURITIES**            :
**AND EXCHANGE COMMISSION**,            :
                                        :
         **Plaintiff,**                 :
                                        :  **CIVIL ACTION**
    **v.**                              :  **FILE NO.  09-cv-3333(MJD/FLN)**
                                        :
**TREVOR G. COOK, and**                 :
**PATRICK J. KILEY, et al.,**           :
                                        :
    **Defendants,**                     :
                                        :
    **and**                             :
                                        :
**BASEL GROUP, LLC, et al.,**           :
                                        :
         **Relief Defendants.**         :
_____:

### FINAL JUDGMENT AS TO DEFENDANT OXFORD GLOBAL PARTNERS, LLC

The Securities and Exchange Commission having filed a Complaint and

Defendant Oxford Global Partners, LLC ("Defendant") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject matter

of this action; consented to entry of this Final Judgment without admitting or denying the

allegations of the Complaint (except as to jurisdiction and except as otherwise provided

herein); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

1

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating

Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or

causing to be carried through the mails or in interstate commerce, by any

means or instruments of transportation, any such security for the purpose of

sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or

communication in interstate commerce or of the mails to offer to sell or

offer to buy through the use or medium of any prospectus or otherwise any

security, unless a registration statement has been filed with the Commission

as to such security, or while the registration statement is the subject of a

refusal order or stop order or (prior to the effective date of the registration

statement) any public proceeding or examination under Section 8 of the

Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant is liable, jointly and severally with: Trevor G. Cook; Patrick Joseph Kiley;

Jason Bo-Alan Beckman; UBS Diversified Growth, LLC; Universal Brokerage FX

Management, LLC; Oxford Global Advisors, LLC; The Oxford Private Client Group,

LLC for disgorgement of $143,228,742 representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the

amount of $12,699,781 for a total of $155,928,523.  Defendant shall satisfy this

obligation by paying $155,928,523 to the Securities and Exchange Commission, or to the

court-appointed Receiver if directed by the Court, within 14 days after entry of this Final

Judgment.

Defendant may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be

made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and

name of this Court; Oxford Global Partners, LLC as a defendant in this action; and

specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and

case identifying information to the Commission's counsel in this action.  By making this

payment, Defendant relinquishes all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to Defendant.

Unless the Court otherwise orders or authorizes the court-appointed Receiver in

this matter, the Commission shall hold the funds (collectively, the "Fund") and may

propose a plan to distribute the Fund subject to the Court's approval.  The Court shall

retain jurisdiction over the administration of any distribution of the Fund.  If the

Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that none of the provisions in this Final Judgment or the Defendant's Consent shall in any way affect the Receivership established in this matter.  The powers and duties of the Receiver as set forth in the Second Amended Order Appointing Receiver [Dkt. 68] shall remain in full force and effect unless and until this Court orders otherwise.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  January 12, 2016

s/ Michael J. Davis
Michael J. Davis
United States District Court
