UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Securities and Exchange Commission,

     Plaintiff,

v.                                                    **MEMORANDUM OPINION
                                                      AND ORDER**
                                                      Civ. No. 09-3333 (MJD/FLN)

Trevor Cook, d/b/a Crown Forex LLC,
Patrick Kiley et al.,

     Defendants.

_____

Securities and Exchange Commission,

     Plaintiff,

v.                                                    Civ. No. 11-574 (MJD/FLN)

Jason Bo-Alan Beckman, et al.,

     Defendants.

_____

     John E. Birkenheier, Counsel for Plaintiff.

     Patrick Kiley, *pro se.*

     Jason Bo-Alan Beckman, *pro se.*

_____

     This matter is before the Court on Plaintiff's motion for summary

judgment against Defendants Patrick Kiley and Jason Beckman.  Kiley has not

1

responded to this motion.  Beckman has filed a *pro se* response.

## I.      Background

On November 23, 2009 and March 8, 2011, Plaintiff United States Securities

and Exchange Commission ("SEC") brought these actions defendants Kiley,

Beckman and others alleging violations of Section 18(a) of the Securities Act of

1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934

("Exchange Act") and Rule 10b-5 thereunder.  15 U.S.C. §§ 77q(a) and 78j(b) and

17 C.F.R. § 240.10b-5.

From at least July 2006 through July 2009 the defendants and their

associates took in at least $190 million from approximately 1,000 victims through

a fraudulent scheme involving the fraudulent sale of investments in a purported

foreign currency trading scheme.  Beckman acted through The Oxford Private

Client Group, LLC, a registered investment advisor of which he was the

managing member.  The SEC alleges that Beckman's fraud violated the

Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § § 80b-6(1) and 80b-

6(2), as well as the Securities Act and the Exchange Act.

This Court previously issued Preliminary Injunction and Asset Freeze

Orders enjoining Kiley and Beckman from committing future violations of the

law.  (Civ. No. 09-3333 [Doc. No. 45]; Civil No. 11-574 [Doc. No. 9].)

## II.    Parallel Criminal Action

On July 19, 2011, defendants Kiley, Beckman and Gerald Durand were

indicted on charges of wire fraud, mail fraud, conspiracy to commit mail and

wire fraud, and money laundering.  In a Superseding Indictment, additional

charges of tax fraud and tax evasion were brought against Beckman.  The

criminal charges arose from the same fraudulent scheme that is at issue in these

cases.

On June 12, 2012, a jury found the defendants Kiley, Durand and Beckman

guilty of the charged offenses.  On January 3, 2013, Beckman was sentenced to a

term of imprisonment of 360 months.  On July 15, 2013, Kiley was sentenced to a

term of imprisonment of 240 months.

## III.    Standard for Summary Judgment

Summary judgment is appropriate if, viewing all facts in the light most

favorable to the non-moving party, there is no genuine dispute as to any material

fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking

summary judgment bears the burden of showing that there is no disputed issue

of material fact.  Celotex, 477 U.S. at 323.  "A dispute is genuine if the evidence is

such that it could cause a reasonable jury to return a verdict for either party; a

fact is material if its resolution affects the outcome of the case."  Amini v. City of

Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).  The party opposing summary

judgment may not rest upon mere allegations or denials, but must set forth

specific facts showing that there is a genuine issue for trial.  Krenik v. County of

Le Sueur, 47 F.3d 953, 957 (8th Cir.  1995).

## IV.    Collateral Estoppel

"It is well established that prior criminal proceedings can work an estoppel

in a subsequent civil proceeding, so long as the question involved was 'distinctly

put in issue and directly determined' in the criminal action."  SEC v. Gruenberg,

989 F.2d 977, 978 (8th Cir. 1993) (quoting McNally v. Pulitzer Publishing Co., 532

F.2d 69, 76 (8th Cir.), cert. denied, 429 U.S. 855 (1976)); SEC v. Blackwell, 477 F.

Supp.2d 891, 899 (S.D. Ohio 2007).

The SEC asserts that the evidence introduced in the criminal trial is the

same evidence underlying the SEC's claims in this case, therefore Kiley and

Beckman are estopped from disputing the facts supporting the SEC's motions for

4

summary judgment.

## A. Discussion

### 1. Violations of the Antifraud Provisions of the Securities Act, Exchange Act and Advisers Act

In Counts II, III and IV of the Complaint filed in Civil No. 09-3333, the SEC alleges that Kiley violated Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5. In Counts II through VI of the Complaint filed in Civil No. 11-574, the SEC alleges that Beckman violated the foregoing provisions, as well as Section 206(1) and (2) of the Advisers Act.

To establish violations of the above anti-fraud provisions, the SEC must prove that defendants: 1) engaged in prohibited conduct such as employing a fraudulent scheme or making material misrepresentations; 2) in connection with the offer, sale or purchase of a security; 3) by means of interstate commerce. See SEC v. Quan, Civil No. 11-723, 2014 WL 4670923 at *4 (D. Minn. Sep. 19, 2014) (citing SEC v. Shanahan, 646 F.3d 536, 541 (8th Cir. 2011)). In addition, a violation of the Advisers Act requires proof that a defendant was acting as an investment adviser and perpetrated his fraud on clients or prospective clients. 15 U.S.C. §§ 80b-6 (1) and 80b-6 (2). An individual that controls the actions of a

registered investment adviser may be charged directly.  See Abrahamson v.
Fleschner, 568 F.2d 862, 871 (2d Cir. 1977) cert. denied, 436 U.S. 913 (1978).  The
SEC must also prove scienter - intent to deceive or severe recklessness - to prove
a violation of Section 10(b), Rule 10b-5, Section 18(a)(1) and 206 (1).  To prove a
violation of Sections 17 (a)(2), (3) and 206 (2), the SEC need only prove
defendants acted negligently.

The SEC has demonstrated that Kiley's and Beckman's convictions in the
criminal case satisfy all of the requirements for collateral estoppel on the
securities fraud charges in these cases.  The wire and mail fraud counts in the
criminal matter were based on evidence that Kiley and Beckman perpetrated a
fraud against investors in the same offering and currency trading venture at issue
in this case.  To convict, the jury had to find that defendants devised a scheme
and artifice to defraud and to obtain money and property by means of materially
false and fraudulent pretenses, representations and promises and concealment of
material facts.  The jury also had to find that defendants acted knowingly and
with intent; in other words, acted with scienter.  The factual bases for the
convictions is thus the factual bases for the counts in these civil actions.  As a
result, the Court finds that collateral estoppel applies and the SEC is entitled to

summary judgment as to Counts II, III and IV in Civil No. 09-3333 and Counts II

through VI in Civil No. 11-574.   See SEC v. C.J.'s Fin., Civ. No. 10-13083, 2012 WL

3600239 *3-7 (E.D.N.Y. July 30, 2012) (finding that defendant's admissions in

criminal case of wire fraud established the necessary elements for counts in civil

action alleging securities fraud therefore SEC entitled to summary judgment

pursuant to doctrine of collateral estoppel); SEC v. Shehyn, Civ. No. 04-2003, 2010

WL 3290977 *2-3 (S.D.N.Y. Aug. 9, 2010) (same).

### 2.    Violations of the Securities Transaction Registration Provision

In Counts I of both actions, the SEC alleges that Kiley and Beckman

violated Sections 5(a) and (c) of the Securities Act.   To succeed on this claim, the

SEC must provide that 1) no registration statement was filed or in effect for the

offering of the securities; 2) the defendant, directly or indirectly, sold or offered to

sell the securities; and 3) the sale was made through the use of interstate facilities

or the mails.   SEC v. Calvo, 378 F.3d 1211, 1214-15 (11th Cir. 2004); SEC v. Great

Lakes Equities Co., Civ. No. 89-70601, 1990 WL 260587, *16 (E.D. Mich. Sep. 4,

1990).  Scienter is not an element of this offense.  Calvo, 378 F.3d at 1215.

Once the SEC establishes a prima facie case, the burden shifts to

defendants to prove the securities offering qualified for a registration exemption.

SEC v. Ralston Purina Co., 346 U.S. 119, 126 (1953).

## a.  Offering of Securities

The SEC asserts the investments offered by defendants were investment

contracts and therefore securities under Section 2(a)(1) of the Securities Act,

Section 3(a)(10) of the Exchange Act and Section 202 (a) (18) of the Advisors Act.

An investment contract exists where 1) a person invests his or her money; 2) in a

common enterprise; and 3) is led to expect profits from the efforts of the

promoter or third party.  SEC v. Edwards, 540 U.S. 389, 393-94 (2004).

Based on the evidence introduced at the criminal trial, the Court finds that

each of these elements is met.

With respect to the first and third elements, the evidence demonstrated

that investors gave money to defendants to invest in the foreign currency trading

venture and were led by defendants to expect profits from their efforts.

With respect to the second element, the evidence demonstrated both

vertical and horizontal commonality.  "'[V]ertical commonality' requires only a

pooling of the interests of the developer or promoter and each individual

investor."  Top of Iowa Co-op v. Schewe, 6 F. Supp.2d 843, 852 (N.D. Iowa 1998)

(citation omitted).  "Horizontal commonality requires a pooling of investors'

contributions and distribution of profits and losses on a pro-rata basis among

investors."  Id. (citation omitted); Stone v. Kirk, 8 F.3d 1079, 1085 (6th Cir. 1993).

Here, the evidence at trial demonstrated that defendants commingled the

investors' money in pooled accounts and used some of the money to finance their

currency trading.

### b.      Interstate Commerce

The jury in the criminal case specifically found that the defendants acted in

interstate commerce.

### c.      No Registration

Finally, there is no evidence that a registration statement was ever filed

with the SEC for the interests offered and sold by the defendants.  Thus, all the

elements of the unregistered offer and sale of securities have been satisfied.

Collateral estoppel applies and the SEC is entitled to summary judgment

as to Count I in both Civil No. 09-3333 and Civil No. 11-574, unless defendants

demonstrate that a registration exemption applies.  Defendants did not make

such a showing however, thus the SEC is entitled to summary judgment on these

counts.

## V.     Remedies

### A.     Permanent Injunction

The SEC asserts that based on the undisputed facts, it is entitled to

permanent injunctive relief.  To be entitled to such relief, the SEC need show that

there has been a violation of the Securities laws and that there is a reasonable

likelihood of future violations.  SEC v. Comserv Corp., 908 F.2d 1407, 1412 (8th

Cir. 1990).  There is no need to demonstrate irreparable injury.  SEC v.

Management Dynamics, Inc., 515 F.2d 801, 808 (2d Cir. 1975).

The SEC asserts it has been conclusively established that Kiley and

Beckman violated the above enumerated securities laws.  In determining whether

there is a reasonable likelihood of future violations, the Court should consider

"the degree of the defendant's scienter, the isolated or recurrent nature of the

violation, the defendant's recognition that his conduct was wrongful, the

likelihood that the defendant's professional occupation will allow for future

violations, and the defendant's sincerity in assuring against future violations.

Quan, 2014 WL 4670923 at *11 (citing SEC v. M & A W, Inc., 538 F.3d 1043, 1055

(9th Cir. 2008)).

The Court finds that these factors weigh in favor of a permanent

injunction.  The criminal jury found that defendants acted with scienter and the

violations were not isolated, but were recurrent.  Also, as is evident in Beckman's

opposition, he has never accepted responsibility for his conduct and continues to

claim he is innocent.  Under these circumstances, permanent injunctive relief is

warranted.

### B.   Disgorgement and Prejudgment Interest

Disgorgement is an equitable remedy with a dual purpose: to deprive a

wrongdoer of his unjust enrichment and to deter others from violating securities

laws.  SEC v. Teo, 746 F.3d 90, 105 (3d Cir. 2014).  The evidence at the criminal

trial showed that defendants took in a total of $193,103,061 from their investor-

victims, and returned $49,874,319 in lulling payments, leaving the defendants

and their associates with ill-gotten gains of $143,228,742.  An award of

prejudgment interest is also an equitable remedy that is intended to prevent

unjust enrichment.  SEC v. Collyard, __ F. Supp. 3d ___, 2015 WL 8483258 at *8

(D. Minn. Dec. 9, 2015) (citing Teo, 746 F.3d at 109).  The SEC requests the Court

order the defendants, jointly and severally, to disgorge those ill-gotten gains plus

prejudgment interest.

The Court finds that disgorgement and prejudgment interest are

appropriate remedies in this case.  The evidence at trial clearly demonstrated that after the defendants made lulling payments to investors, defendants were left with ill-gotten gains totaling $143,228,742.  Because the remedies of disgorgement and prejudgment interest are intended to prevent unjust enrichment, such remedies are appropriate in this case.

**IT IS HEREBY ORDERED** that Plaintiff United States Securities and Exchange Commission's Motions for Summary Judgment [Civil No. 11-574, Doc. No. 511; Civil No. 09-3333, Doc. No. 1191] are **GRANTED**.  Defendant Jason Beckman's Motion to Proceed and Counter Claims [Doc. No. 574] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: January 12, 2016

s/ Michael J. Davis
Michael J. Davis
United States District Court